IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARA SILVERMAN and JEFFREY POOLE,<br><br>Plaintiffs,<br><br>v.<br><br>DISCGENICS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION<br><br>Case No. 2:22-cv-00354-JNP-DAO<br><br>District Judge Jill N. Parrish |

Plaintiffs Lara Silverman and Jeffrey Poole (collectively, the plaintiffs) sued their former employer, DiscGenics, Inc., for sex-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Before the court is DiscGenics' motion to compel arbitration of most of the claims in this action.[1] ECF No. 13. The court GRANTS the motion.

## BACKGROUND

Silverman began working for DiscGenics in 2011 and was named its Senior Director of Research and Development. She alleges that the members of the board of directors, who are all male, discriminated against her because she is a woman. She also alleges that the board members created a hostile work environment by subjecting her to sexually charged comments and innuendo. In 2020, DiscGenics hired Poole as its CFO. He assumed most of the human resources responsibilities for the company. Silverman told Poole about the discrimination and sexual

---

[1] The court had previously scheduled a hearing on this motion. But after reviewing the briefs, the court concluded that oral argument would not assist the court. The court strikes the hearing.

harassment she had experienced while working for DiscGenics. Poole agreed that DiscGenics had a sexist work culture.

Silverman and Poole complained to the board of directors about the longstanding sexist work environment at the company. On June 4, 2021, DiscGenics abruptly fired Poole. Soon thereafter, DiscGenics put Silverman on a performance improvement plan. On June 25, 2021, Silverman gave notice that she was quitting her job. Her last day of work was July 1, 2021. As a condition of their employment, both Silverman and Poole had signed documents requiring them to arbitrate any legal claims made against DiscGenics.

On July 30, 2021, Poole filed a charge of unlawful retaliation with the Utah Antidiscrimination and Labor Division (UALD). On August 6, 2021, Silverman filed a charge of discrimination and retaliation with the UALD. The UALD investigated the charges, and on March 24, 2022, it issued a right-to-sue letter to both Silverman and Poole. They filed this action on May 23, 2022, asserting claims for sex-based discrimination and retaliation based on the events leading up to the termination of their employment relationships with DiscGenics (the pretermination claims).

DiscGenics filed a motion to compel the plaintiffs to arbitrate their claims. The plaintiffs subsequently amended their complaint to add allegations that DiscGenics continued to retaliate against them after the termination of their employment relationships by refusing to provide Poole with shareholder updates, by spreading rumors about the plaintiffs to a third-party consultant, and by threatening to file counterclaims against the plaintiffs (the post-termination claims).

## ANALYSIS

DiscGenics moves this court to compel the plaintiffs to arbitrate their pretermination claims. The plaintiffs acknowledge that the documents they signed prohibit them from pursuing

these claims in court. They argue, however, that their arbitration agreements were invalidated by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (Ending Forced Arbitration Act). Alternatively, they assert that even if the Act does not apply to all of their claims, it applies to the claims related to alleged acts of retaliation that occurred after their employment relationships with DiscGenics were terminated. Because this court must resolve some of their claims, the plaintiffs contend that the court should exercise its discretion to resolve all of their claims.

I.  **APPLICABILITY OF THE ENDING FORCED ARBITRATION ACT**

On March 3, 2022, the Ending Forced Arbitration Act went into effect. The Act provides that "at the election of the person alleging conduct constituting a sexual harassment dispute . . . , no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to . . . the sexual harassment dispute." 9 U.S.C. § 402(a). Congress provided that the provisions of the Ending Forced Arbitration Act would "apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act [March 3, 2022]." Pub. L. No. 117-90, § 3, 136 Stat 26, 28 (2022).

The parties dispute whether the Ending Forced Arbitration Act applies to this action. The plaintiffs argue that phrase "any dispute or claim that arises or accrues" should be interpreted to mean that the Act applies to any dispute that arises or claim that accrues after March 3, 2022. They further contend that the dispute regarding their pretermination claims did not arise until either March 24, 2022, when the UALD issued the right-to-sue letter, or May 23, 2022, when the plaintiff's filed this lawsuit. Because both of these events occurred after March 3, 2022, the

3

plaintiffs contend that the Ending Forced Arbitration Act applies to all of the claims asserted in this case and invalidates their arbitration agreements.

DiscGenics, on the other hand, argues that the Ending Forced Arbitration Act does not invalidate the arbitration agreement for the plaintiffs' pretermination claims. Relying on several recent district court rulings, DiscGenics asserts that Congress intended the Act to apply only to claims that accrued after March 3, 2022. *See Walters v. Starbucks Corp.*, No. 22cv1907 (DLC), 2022 WL 3684901, at *3 (S.D.N.Y. Aug. 25, 2022) (concluding that the Ending Forced Arbitration Act applies to claims that accrued after March 3, 2022); *Marshall v. Hum. Servs. of Se. Texas, Inc.*, No. 1:21-CV-529, 2023 WL 1818214, at *3 (E.D. Tex. Feb. 7, 2023) (same). DiscGenics essentially contends that the term "dispute" merges with the term "claim" and does not have any independent meaning. Thus, DiscGenics argues that the Ending Forced Arbitration Act does not invalidate the arbitration agreements because the plaintiffs' pretermination claims accrued when Poole was fired and when Silverman quit in June 2021.

The court, however, need not choose between these competing interpretations of the Ending Forced Arbitration Act. Even if the court were to adopt the plaintiffs' interpretation, the Act would not apply to the plaintiffs' pretermination claims because the dispute concerning these claims arose when they filed charges of discrimination in the UALD.  In late July and early August of 2021, Silverman and Poole commenced proceedings in the UALD, charging DiscGenics with violating their rights by discriminating against Silverman and retaliating against Silverman and Poole. DiscGenics participated in the UALD investigation and responded to the plaintiffs' charges, in part by providing the results of an internal investigation of the matter to the UALD. In other words, the plaintiffs formally accused DiscGenics of wrongdoing, and DiscGenics attempted to defend itself from these charges. Moreover, filing charges in the UALD was a necessary first step

to bringing this litigation. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) ("A plaintiff must exhaust his administrative remedies before bringing suit under Title VII . . . .").

Thus, a dispute concerning the plaintiffs' pretermination allegations of discrimination and retaliation arose when the plaintiffs initiated proceedings before the UALD. *See Dispute*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining the term "dispute" as "[a] conflict or controversy, esp. one that has given rise to a particular lawsuit"). Accordingly, even if the court were to adopt the plaintiffs' interpretation of the Ending Forced Arbitration Act, it would not apply to the pretermination claims because the dispute concerning those claims arose before March 3, 2022. Because the plaintiffs do not dispute that they are bound by agreements requiring them to arbitrate these claims, the court grants DiscGenics' motion to the extent that it seeks to arbitrate the claims that accrued before or at the time the plaintiffs either quit or were fired from their positions with DiscGenics.

## II.     CLAIM SPLITTING

The plaintiffs allege that DiscGenics retaliated against them after they stopped working for the company by failing to provide shareholder updates, spreading rumors about the plaintiffs, and threatening to file baseless counterclaims against them. The plaintiffs argue that these retaliation claims are covered by the Ending Forced Arbitration Act and that the arbitration agreements may not be enforced for these claims. They further contend that because the court must preside over the litigation of these post-termination claims, it should exercise its discretion to assume jurisdiction over the pretermination claims as well to avoid the inevitable inefficiencies associated with splitting the plaintiffs' claims.

DiscGenics does not dispute that the Ending Forced Arbitration Act bars the enforcement of the arbitration agreements as to the post-termination retaliation claims. It argues, however, that

5

the court does not have discretion to retain jurisdiction over the plaintiffs' pretermination claims. The court agrees with DiscGenics.

As discussed above, the arbitration agreements require the plaintiffs to arbitrate their pretermination claims. Under the Federal Arbitration Act (FAA), arbitration provisions are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. If a court finds that that an agreement requires the parties to arbitrate a dispute, it "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, courts must enforce an arbitration agreement even if doing so requires some claims to be resolved in arbitration while other closely related claims are litigated in court. *KPMG LLP v. Cocchi,* 565 U.S. 18, 19 (2011) (per curiam) ("A court may not issue a blanket refusal to compel arbitration merely on the grounds that some of the claims could be resolved by the court without arbitration."); *Dean Witter*, 470 U.S. at 217 (holding that the FAA requires district courts to compel arbitration "even where the result would be the possibly inefficient maintenance of separate proceedings in different forums"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) ("[R]elevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." (Footnote omitted)). Accordingly, the court must deny the plaintiffs' request that the court retain

jurisdiction over their pretermination claims because they are subject to valid arbitration agreements.[2]

## CONCLUSION

For the above-stated reasons, the court grants DiscGenics' motion to compel arbitration of the pretermination claims. The court stays the proceedings in this court as to these pretermination claims and orders the parties to proceed to arbitration in accordance with the terms of the pertinent agreements. *See* 9 U.S.C. §§ 3, 4. The post-termination retaliation claims asserted in the First Amended Complaint are not subject to arbitration and will be litigated in this court. DiscGenics shall have until April 4, 2023, to answer the First Amended Complaint as to these post-termination retaliation claims.

DATED March 13, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[2] DiscGenics argues in its reply brief that the court should dismiss the post-termination claims for failure to state a claim. The court declines to consider what amounts to a motion to dismiss because the court's local rules prohibit litigants from making a motion in a reply brief. DUCivR 7-1(3). DiscGenics may bring a motion to dismiss these claims in lieu of filing an answer to the First Amended Complaint by the deadline set below.